In the Matter of the Accounts of THOMAS GRIEVE, Deceased, Committee of the Estate of JOHN T. GRIEVE, an Incompetent Person.

JOHN F. KAVANAGH, as Substitute Committee, Appellant; THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

*Incompetent    persons — accounting — substituted    committee    without authority to account for acts of deceased predecessor.*

*Matter of Grieve,* 218 App. Div. 780, affirmed.
(Argued March 30, 1927; decided May 3, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 5, 1926, which denied a motion for confirmation of the purported account of a deceased committee which account was prepared and filed by the substituted committee. The motion was denied upon the ground that the substituted committee was without authority to account for the acts of his predecessor.

*John F. Kavanagh* for appellant.

*Sunshine    Ulman* and *William    J.    McArthur* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

CONRAD GASCHOTT, Respondent, *v.* THE LAND TITLE AND TRUST COMPANY, Appellant.

*Fraud — false representations — action to recover damage arising from breach of contract by another into which plaintiff's assignor was induced to enter by false representations of defendant.*

*Gaschott* v. *Land Title & Trust Co.,* 216 App. Div. 805, affirmed.
(Argued March 30, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered May 7, 1926; unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was for fraud, the complaint alleging that by reason of false representations made by defendant as to the financial standing of another corporation, plaintiff's assignor was induced to enter into a contract with said corporation to drill certain oil wells and to enter upon the performance of said contract, and that by reason of the falsity of such representations and the subsequently discovered inability on the part of the corporation to carry out its obligations under the contract plaintiff suffered damage in a large amount.

*Herman Aaron* for appellant.

*Frank C. Laughlin, William A. Moore, Lyman A. Spalding* and *John H. Jackson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

GUISEPPE FALCO et al., Appellants, *v.* ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Respondent.

*Insurance (liability) — refusal by company to defend action or pay judgment recovered — arrest and confinement of policyholder on body execution for failure to pay judgment — action against company to recover damages — provision in policy that action may be maintained only to recover money paid in satisfaction of judgment.*

*Falco* v. *Zurich General Accident & Liability Ins. Co.*, 216 App. Div. 721, affirmed.

(Submitted March 30, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 16, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint on the opening by the court at a Trial Term. The action was to recover upon a policy of liability insurance. The complaint alleged that defendant issued its policy